Kim WILLIAMS, et ux.,
Plaintiffs,

v.

ELECTRONIC CONTROL SYSTEMS,
INC., et al., Defendants.

GENERAL ELECTRIC CORPORATION,
Plaintiff-by-cross claim,

v.

ELECTRONIC CONTROLS SYSTEMS,
INC., Defendant-by-cross claim.

James BLAIR et ux., Plaintiffs,

v.

ELECTRONIC CONTROL SYSTEM,
INC., et al., Defendants.

GENERAL ELECTRIC CORPORATION,
Plaintiff-by-cross claim,

v.

ELECTRONIC CONTROL SYSTEMS,
INC., Defendant-by-cross claim.

Nos. CIV-2-75-10, CIV-2-75-11.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 16, 1975.

M. Lacy West, Kingsport, Tenn., and Ben F. McAuley, Knoxville, Tenn., for plaintiffs.

Wheeler A. Rosenbalm, John P. Davis, Jr., and Dalton L. Townsend, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

The plaintiffs moved the Court to allow them to have their expert witness present to assist their counsel during the taking of the deposition on oral examination for purposes of discovery of the expert witness of the defendants in the same field. The defendants objected thereto.

The plaintiffs maintain that a decision on their motion addresses itself to the discretion of the Court. While this was formerly the standard of decision, see anno: 85 A.L.R.2d 478, et seq.; 75 Am.Jur.2d 173, Trial, § 61; VI Wigmore on Evidence 347–351, § 1837; *Johnson v. Ely No. 4,* C.A.Tenn. (1947), 30 Tenn.App. 294, 305[13], 205 S.W.2d 759, certiorari denied (1947), it has been changed by Rule 615, Federal Rules of Evidence. Such rule gives a litigant the right to have witnesses excluded from the courtroom, except for three categories who are excepted from its operation. The same rule applies to the taking of depositions. *Cf. Huber Baking Co. v. Frank C. Sparks Co.* (1950), 45 Del. (6 Terry) 525, 76 A.2d 124.

One of the exceptions to such rule relates to " * * * a person whose pres-

ence is shown by a party to be essential to the presentation of his cause." Rule 615, *supra*. This excepted category includes " * * * an expert needed to advise counsel in the management of the litigation. See 6 Wigmore § 1841, n.4." Advisory Committee Notes on Rule 615, *supra*.

 The plaintiffs undertook to make such a showing by germane representations in the affidavit of their expert witness. This does not appear to be the test, however, the test being whether counsel for the plaintiffs asserts a need of the advice of an expert in the management of the lawsuit. As an officer of this Court, the plaintiffs' counsel, in open court, asserted such a need. Upon that representation, the defendants' aforementioned objection hereby is

OVERRULED, and the aforementioned expert witness of the plaintiffs may be present during the taking of the deposition of the expert witness of the defendants to advise counsel for the plaintiffs in his management of this litigation.