609 P.2d 601

**The STATE of Arizona ex rel., Robert K. CORBIN, the Attorney General, and the Civil Rights Division of the Arizona Department of Law, Applicant/Appellant,**

v.

**Ted SORICH, Larry Hart, William K. Poston, Jr., and Leonard Skrobel, Respondents/Appellees.**

**No. 2 CA–CIV 3490.**

Court of Appeals of Arizona, Division 2.

March 28, 1980.

Robert K. Corbin, Atty. Gen. by Phillip A. Austin, Phoenix, and Philip G. Urry, Tucson, for applicant/appellant.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P. C. by William B. Hanson, Tucson, for respondents/appellees.

## OPINION

RICHMOND, Judge.

■ The issue in this appeal is whether an employer is entitled to the presence of its attorney's "factual adviser" while an employee's deposition is being taken by an investigator from the Arizona Civil Rights Division (ACRD). The trial court found that the factual adviser could attend the depositions. We disagree and reverse.

As part of its investigation of a charge of sex discrimination by a school district, the civil rights division issued administrative subpoenas for depositions of the district superintendent and two high school administrators. All three refused to testify unless the superintendent was allowed to be present as a factual adviser at the depositions of the other two. They contended the district's right to representation by counsel is meaningless unless counsel is assisted by a factual adviser during the depositions. The division applied to superior court pursuant to A.R.S. § 41–1403(B)(3) for an order enforcing the subpoenas "without the presence of third persons not authorized by the [d]ivision." The trial court found that the attorney should be allowed to have the superintendent with him during the taking of any deposition and denied the relief sought by the division.

A.R.S. § 41–1403(B)(2) provides that "[a]ny person" appearing before the division or its advisory board has the right to be represented by counsel. The division customarily allows an employer's attorney to advise management level employees when their depositions are taken. Neither the statute nor the division's policy provides for the presence of factual advisers to counsel during an ACRD investigation.

■ Appellees contend the school district's lawyer must be allowed to have his client's designated representative present to assist him if he is to advise his client and

"ask questions meaningfully."[1] Unless specifically provided otherwise, however, the function of an attorney at a nonadjudicatory investigation is limited to advising a witness about legal matters; it does not extend to cross-examination. *See Hannah v. Larche*, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960); *Federal Communications Commission v. Schreiber*, 329 F.2d 517 (9th Cir. 1964), modified on other grounds, 381 U.S. 279, 85 S.Ct. 1459, 14 L.Ed.2d 383 (1965). Inherent in the division's power to investigate is the authority "to prevent the sterilization of investigations by burdening them with trial-like procedures." *Hannah v. Larche*, 363 U.S. at 448, 80 S.Ct. at 1518. The adequacy of legal advice to a witness in an investigatory proceeding should not depend on the presence of a factual adviser. Any factual advice can be obtained by counsel outside the depositions.

Appellees' reliance on *Williams v. Electronic Control Systems, Inc.*, 68 F.R.D. 703 (E.D.Tenn.1975) is misplaced. The ruling in *Williams* that an expert witness could assist plaintiff's counsel during the deposition of defendant's expert witness was based on rule 615 of the Federal Rules of Evidence, which only come into play in adjudicatory proceedings. *See also* 17 A.R.S. Rules of Evidence, rule 101. The depositions in this case are part of a nonadjudicatory investigation.

The trial court's order is vacated with directions to enter an order granting the relief requested by the division.

HATHAWAY, C. J., and HOWARD, J., concur.

---

1. The division has not challenged appellees' standing to assert the position of the school district.