Joseph T. SKIDMORE, Plaintiff,

v.

NORTHWEST ENGINEERING
CO., Defendant.

No. 80–2877–CIV–EBD.

United States District Court,
S. D. Florida.

March 24, 1981.

Ronald I. Strauss of Highsmith & Strauss, Coconut Grove, for plaintiff.

H. Clay Roberts of Dixon, Dixon, Hurst, Nicklaus & Webb, Miami, for defendant.

EDWARD B. DAVIS, District Judge.

This matter is before the Court on various motions after the defendant insisted that an expert for the plaintiff be excluded from a deposition upon oral examination of an employee of the defendant.

The plaintiff represents that the presence of his expert at depositions is necessary to assist counsel in understanding the technological testimony of the defendant's employee in this products liability action. The defendant argues that the attendance of the expert would result in a "circus atmosphere" at deposition, would be unfair because the plaintiff's expert has not yet formed opinions, and is not necessary because the defendant's employee is not himself an expert. At an attempted deposition, the defendant purported to invoke the Rule regarding exclusion of witnesses. Fed.R. Evid. 615. The plaintiff contends that no one, including experts who will testify for an opponent, may be excluded from a deposition except by an order of the court secured pursuant to Fed.R.Civ.P. 26(c)(5).

The sequestration rule has been held to apply to depositions. *Williams v. Electronic Control Systems, Inc.,* 68 F.R.D. 703 (E.D.Tenn.1975); *see Naismith v. Pro-*

*fessional Golfers Association*, 85 F.R.D. 552, 567–68 (N.D.Ga.1979); Fed.R.Civ.P. 30(c) (depositions "under the provisions of the Federal Rules of Evidence").[1]

■ On the other hand, the Federal Rules of Civil Procedure allow exclusion of persons from discovery only in exceptional circumstances, and then only upon motion and order of the court. The party seeking to exclude persons from depositions must show good cause, and the protection is limited to circumstances where justice requires such exclusion to protect a party from annoyance, embarrassment, oppression or undue burden or expense. Fed.R.Civ.P. 26(c)(5).

Even if Fed.R.Evid. 615 applies exclusively, to the exclusion of Fed.R.Civ.P. 26(c)(5), certain witnesses are exempted from sequestration. The presence of experts is allowed despite the general exclusion when their presence is essential to the presentation of the cause. Fed.R.Evid. 615(3). The purpose of that exception is to allow the attendance of experts "needed to advise counsel in the management of the litigation." Advisory Committee's Note to Fed.R.Evid. 615; *see* 3 Weinstein's Evidence ¶ 615[01]; 6 Wigmore on Evidence § 1841 (Chadbourn rev. 1976).

Even at trial, the showing necessary for the inclusion of an expert under Fed.R.Evid. 615(3) has been held to be a minor burden. *Morvant v. Construction Aggregates Corp.*, 570 F.2d 626, 630 (6th Cir.), *appeal dismissed*, 439 U.S. 801, 99 S.Ct. 44, 58 L.Ed.2d 94 (1978) (trial court bound to accept any reasonable, substantiated representation); *see T.J. Stevenson & Co. v. 81,-193 Bags of Flour*, 629 F.2d 338, 384 (5th Cir. 1980) (trial court "probably required" to permit presence of expert); Annot., 48 A.L.R.Fed. 484, 487, 494–95 (1980); *cf. Clark Enterprises, Inc. v. Pasewalk*, [1979] Fire & Casualty Cas. (CCH) 1134 (D.D.C. 1978) (some showing needed).

The plaintiff's burden to show the need for his expert's attendance here would seem to be even lighter in view of the liberal discovery philosophy of the Federal Rules of Civil Procedure even if the Evidence Rules were to control. Also, the long-accepted[2] policy reasons for the sequestration rule—preventing one witness from conforming his testimony to that of another— are not applicable when an expert is involved. The expert testifies to his opinion, not to controverted facts. *See T. J. Stevenson & Co.*, 620 F.2d at 384; *Morvant*, 570 F.2d at 630; 3 Weinstein's Evidence ¶ 615[01]; 6 Wigmore on Evidence § 1837 (Chadbourn rev. 1976).

■ In contrast to the slight burden on the party seeking to secure the attendance of an expert under the Federal Rules of Evidence, a heavier burden is imposed under the Federal Rules of Civil Procedure, and that burden is on the party seeking exclusion. The burden contemplated by the procedure rules thus conflicts with the burden set by the evidentiary rules. The concept of *ejusdem generis*, however, suggests that the general application of Fed.R.Evid. 615 should be restricted by the particularity of Fed.R.Civ.P. 26(c)(5). Having considered this aid to canonical construction, as well as the policies behind both the liberal discovery rules and the exemptions of Fed.R.Evid. 615(3), the Court finds as a matter of law that it is the burden of the party opposing the presence of an expert at a deposition to show good cause why attendance should be restricted. Fed.R.Civ.P. 26(c)(5); *cf. Williams v. Electronic Control Systems, Inc.*, 68 F.R.D. 703 (1975) (attendance of expert allowed upon mere assertion of need; procedure rules not considered).

■ The Court concludes that the defendant here has not met its burden to show that the plaintiff's expert should be

---

1. The Court construes the defendant's motion for a protective order to be the "request of a party" required to bring Rule 615 into play, and thus the Court need not consider the propriety of the exclusion of the plaintiff's expert without such a request.

2. Separation of witnesses dates from biblical times. *See* Daniel's judgment in Susanna's case, Apocrypha 36–64, *reprinted in* 6 Wigmore on Evidence § 1837 (Chadbourn rev. 1976).

excluded from depositions of the defendant's employees. Alternatively, the Court finds that the plaintiff has made a sufficient representation to show that the attendance of his expert is needed. It is

ORDERED AND ADJUDGED that the plaintiff's motion to compel the defendant to allow the attendance of the plaintiff's expert, James Best, at the deposition of the defendant's employee, Henry Hall, is GRANTED. The defendant's motion for a protective order is DENIED.

The plaintiff also moved for the imposition of Rule 37 sanctions against the defendant for the failure to allow the attendance of the plaintiff's expert. Sanctions under the Rules of Civil Procedure may be considered only when a party has failed to obey an order to compel. Fed.R.Civ.P. 37(b). It is therefore

ORDERED AND ADJUDGED that the plaintiff's motion for sanctions is DENIED.