**BCI COMMUNICATION SYSTEMS, INC., a corporation, Plaintiff,**

**v.**

**BELL ATLANTICOM SYSTEMS, INC., a corporation; and Robert E. Nelson, an individual, Defendants.**

**No. CV 86–HM–5205–NE.**

United States District Court, N.D. Alabama, Northeastern Division.

Sept. 16, 1986.

J. Allen Brinkley, Brinkley & Ford, Huntsville, Ala., for plaintiff.

Patrick H. Graves, Jr., Bradley, Arant, Rose & White, Huntsville, Ala., E. Mabry Rogers, Patricia T. Mandt, Bradley, Arant, Rose & White, Birmingham, Ala., for defendants.

## MEMORANDUM OF DECISION

HALTOM, District Judge.

The above entitled civil action is before the Court upon July 28, 1986 motion of defendants Bell Atlanticom Systems, Inc. (BASI) and Robert E. Nelson (labeled "Motion For Protective Order") for an order to exclude potential witnesses for plaintiff BCI Communication Systems, Inc. (BCI), other than parties who are natural persons, or the bona fide designated representative of the corporate parties to this action, from the depositions of other deponents in this cause. Further, defendants move the Court for an order to forbid disclosure by plaintiff of deposition testimony to any person who is expected to be deposed in this case in the future or who is expected to testify at trial or both. Alternatively, defendants move to exclude Leeda Machnick from the deposition of Frank Machnick who is alleged to be the corporate representative for BCI, and from all other depositions to be taken in this litigation. The "grounds" assigned in support thereof by defendants are as follows:

1. At the deposition of the defendants and employees of defendant BASI in Philadelphia, Pa., on May 13 and 14, 1986, plaintiff's representative in attendance was its President, Frank Machnick.

2. At the date set for the deposition of Frank Machnick by defendants in Huntsville on July 17, 1986, plaintiff's attorney stated that Leeda Machnick was not to be its trial representative and then later changed to say he did not know whether Leeda Machnick was to be plaintiff's trial representative. Because plaintiff insisted that Leeda Machnick be present during the deposition of Frank Machnick, the deposition [were] postponed, pending Defendants' Motion for a Protective Order.

3. In its Answer to Interrogatory 92, plaintiff stated that Leeda Machnick had no connection with the matters at issue here.

4. Defendants are entitled, as a matter of right under Federal Rules of Civil Procedure 30(c) in conjunction with Federal Rules of Evidence 615, to have all such witnesses sequestered.

5. The exclusion of such witnesses would prevent them from hearing or being exposed to deponents' testimony, thereby preventing collusion or fabrication of testimony by the prospective future witnesses;

6. Because no signed contract exists, and because the "agreement" sued on (and attached to the Complaint) incorporate verbal representations made by employees of BCI to defendants, recollection of verbal exchanges are a key element of the case.

7. Witnesses in the case are not of the type contemplated to assist in the examination of a deponent.

8. Alternatively, defendants move to exclude Leeda Machnick from the deposition of Frank Machnick, who is the corporate representative for BCI, and from all other depositions taken or to be taken in this matter.

On August 16, 1986 the plaintiff herein filed written response to defendants' motion which alleges:

1. On May 13th and 14th of 1986, depositions were taken in Philadelphia, Pennsylvania, at the headquarters of Bell Atlanticom and the depositions of Jack Baker, Paul Quattron, and Bob Nelson were taken. At no time at the begin-

ning of the depositions or during the depositions did Mr. Mabry Rogers mention that he was going to invoke the rule. Mr. Jack Baker's deposition was taken at that time and Mr. Paul Quattron and Mr. Bob Nelson sat there during the entire deposition and listened to Jack Baker's testimony. Then, Mr. Paul Quattron's deposition was taken and Mr. Jack Baker and Mr. Bob Nelson sat through his deposition and heard every word he said. Then the deposition of Mr. Bob Nelson was taken on the 2nd day and at that time Mr. Paul Quattron and Mr. Jack Baker sat through his deposition. At no time did Mr. Mabry Rogers, the attorney for the Defendants, mention that he was going to invoke the rule. The importance of the testimony of Mr. Quattron, Mr. Baker, and Mr. Nelson cannot be over emphasized. Attached hereto and marked as Exhibit "A" is a copy of the contract that they all signed and upon which we assert our claim.

2. Thereafter, by agreement, the Plaintiff made available to the Defendant, Frank and Leeda Machnick. Frank Machnick is the President of BCI Communication Systems, Inc., and Leeda Machnick is the Chairman of the Board. The Plaintiffs had agreed with the Defendants to take the depositions on those days, without notice, in the offices of Bradley, Arant, Rose and White in Huntsville, Alabama. As Frank and Leeda Machnick walked into the room to sit down for the depositions, Mr. Rogers asked Mr. Brinkley whether Leeda Machnick would be the corporate representative at trial and Allen Brinkley told him that he doubted it, that in all probability it would be Frank Machnick. Thereafter, at the beginning of the deposition of Frank Machnick, Mr. Mabry Rogers instructed Allen Brinkley that Leeda Machnick was going to have to leave the room at that time. Allen Brinkley explained to him that he didn't have a court order and she was a corporate representative for the day and that Allen Brinkley wanted her to stay because she may be able to help us in the deposition. Mr. Rogers explained that she couldn't stay there and was going to have to leave and an argument ensued as to whether she could stay in the room during the deposition of Frank Machnick. Mr. Mabry Rogers announced that since Allen Brinkley had decided that Frank Machnick would be the trial representative that Leeda had to leave. Allen Brinkley explained that he didn't want to be committed to anything at that point as to a trial that would take place six to seven months in the future. Further, the rule had not been invoked by Mabry Rogers until after he let all of his witnesses sit through the depositions in Philadelphia and "what was good for the goose was good for the gander". Thereafter, Mabry Rogers, counsel for the Defendants, decided to postpone the depositions in an attempt to obtain this protective order. It is the position of the Plaintiff that in order to obtain such a protective order, he must show "good cause", which he has not done and cannot do....

Plaintiff then asserts that plaintiff should be permitted to have its Chairman of the Board, Leeda Machnick, as its corporate representative, if it elects to do so.

The argument of counsel of record for movants that defendants are entitled, *as a matter of right* under Rule 30(c),[1] Fed.R. Civ.P., in conjunction with Rule 615[2] of the

---

**1.** The first sentence of Rule 30(c), upon which defendants necessarily rely, reads:

Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence.

**2.** Rule 615 reads:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

Fed.Rules of Evidence, to invoke "the Rule of Sequestration" or "The Rule" in oral depositions is not supported either by the Federal Rules of Civil Procedure or by case law. On the contrary, without a protective order in hand, a lawyer has no right to insist that anyone, party or nonparty, be excluded from a deposition. While neither the former Fifth Circuit nor the Eleventh Circuit has addressed this issue, this Court is persuaded that the logic for this holding is unassailable.

The Seventh Circuit Court of Appeals has ruled in *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1979), *cert. denied*, 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787, that as a general proposition pretrial discovery must take place in public unless compelling reasons exist for denying the public access to the proceedings, citing Federal Rule of Civil Procedure 26(c) which provides in pertinent part that, upon motion and for good cause shown, the court may order "that discovery be conducted with no one present except persons designated by the court." Rule 26(c)(5). A careful analysis of *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), produces the conclusion that *Am. Tel. & Tele. Co. v. Grady, supra*, correctly states the general proposition and that it is for the trial court to provide the exception for "good cause shown."[3] The Court fully recognizes that pre-trial depositions are not public components of a civil trial, that such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice. However, even pre–1970 Rule 30(b) of the Federal Rules of Civil Procedure gave recognition to the mandated openness process of the deposition procedure. It authorized the court, "upon motion seasonably made by any party or by the person to be examined" and "for good cause shown" to order "that the examination shall be held with no one present except the parties to the action and their officers or counsel." The substance of the pre–1970 Rule 30(b) is now Rule 26(c) above referenced. Moreover, movant's reliance upon Fed.R.Evid. 615 for the invocation of "The Rule" as a matter of right by counsel in oral depositions is misplaced. Since Rule 26(c), Fed.R.Civ.P., specifically requires a court order before persons may be excluded from the conduct of the deposition discovery process, it is clear that Fed.R.Evid. 615 does not apply to the taking of depositions. This conclusion is buttressed by the fact that Rule 615 does not authorize the exclusion of a party from an oral deposition but Rule 26(c) permits the court upon proper showing to exclude even a party from the deposition, although "such an exclusion should be ordered rarely indeed." *Galella v. Onassis*, 487 F.2d 986, 997 (2nd Cir.1973).

*Williams v. Electronic Control Systems, Inc.*, 68 F.R.D. 703 (E.D.Tenn.1975), is frequently relied upon (as movant's counsel does here) to support the proposition that Fed.R.Evid. 615 applies to depositions and that, therefore, "The Rule" may be invoked simply by having counsel at the deposition say the words, "I invoke the rule," with nothing more required. In *Williams* the plaintiffs moved the court to allow them to have their expert witness present to assist their counsel during the taking of a deposition on oral examination for purposes of discovery of the expert witness of the defendants in the same field. The defendants objected thereto. In overruling defendants' objections and permitting the expert witness of the plaintiffs to be present during the taking of the deposition of the expert witness of the defendants, the *Williams* court wrote:

The plaintiffs maintain that a decision on their motion addresses itself to the

---

**3.** The United States Supreme Court observed in *Rhinehart*, a case presenting the issue whether parties to civil litigation have a first amendment right to disseminate, in advance of trial, information gained through the pretrial discovery process, that the unique character of the discovery process requires that the trial court have substantial latitude to fashion [discovery] protective orders and held in that case that the trial court entered the assailed protective order upon a showing that constituted good cause as required by the State of Washington's federally modeled Rule 26(c) discovery provision.

discretion of the Court. While this was formerly the standard of decision, see anno: 85 A.L.R.2d 478, et seq.; 75 Am. Jur.2d 173, Trial, § 61; VI Wigmore on Evidence 347–351, § 1837; *Johnson v. Ely No. 4*, C.A.Tenn. (1947), 30 Tenn. App. 294, 305[13], 205 S.W.2d 759, certiorari denied (1947), it has been changed by Rule 615, Federal Rules of Evidence. Such rule gives a litigant the right to have witnesses excluded from the courtroom except for three categories who are excepted from its operation. The same rule applies to the taking of depositions. *Cf. Huber Baking Co. v. Frank C. Sparks Co.* (1950), 45 Del. (6 Terry) 525, 76 A.2d 124.

One of the exceptions to such rule relates to " * * * a person whose presence is shown by a party to be essential to the presentation of his cause." Rule 615, *supra*. This excepted category includes " * * * an expert needed to advise counsel in the management of the litigation. See 6 Wigmore § 1841, n. 4." Advisory Committee Notes on Rule 615, *supra*.

68 F.R.D. 703–04. This quoted reference to the application of Rule 615 to depositions does not appear to have been necessary to the decision therein made. Moreover, the federal district court there cites as authority a Delaware state court case that does not have any direct relevance to that issue.[4] This Court respectfully declines to accept *Williams* as authoritative or persuasive.

Counsel of record for movant has cited *Naismith v. Professional Golfers Ass'n*, 85 F.R.D. 552 (N.D.Ga.1979), as supporting authority for their argument that "The Rule" may be invoked by counsel as a matter of right pursuant to Rule 615, Fed.R. of Evid. Chief Judge Moye of that court made no such ruling and in fact therein ruled to the contrary. Part VII of that Northern District of Georgia decision reads:

## VII. APPLICABILITY OF FED.R.EV. 615 TO DEPOSITIONS

*Issue* 7: Does Rule 615 of the Federal Rules of Evidence apply to depositions which include use as evidence at trial on the merits for which plaintiff has invoked Rule 615? If not, is plaintiff entitled to have such depositions sealed pursuant to Rule 26(c) of the Federal Rules of Civil Procedure?

Plaintiffs have attempted to invoke the "Rule of Sequestration," Fed.R.Ev. 615, which provides:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

It is clear that the Federal Rules of Evidence apply at depositions. Fed.R.Civ.P. 30(c) ("Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence.") It is apparent, however, from the parties' arguments that the real issue is whether witnesses must be "sequestered" between deposition and trial. Plaintiffs argue that not to so apply "The Rule" would allow it to be effectively circumvented. Defendants argue that, to the contrary, to invoke "The Rule" between deposition and trial effectively invalidates Fed.R.Civ.P. 26(c); it allows for the issuance of a protective order only upon

---

**4.** In *Huber Baking Co. v. Frank C. Sparks Co.*, 45 Del. (6 Terry) 525, 76 A.2d 124 (1950), *reargument* 81 A.2d 132 (Superior Court of Delaware, 1951), the Huber Baking Co. brought an action against Frank C. Sparks Co. and others. Defendant applied for a protective order requiring separate examination of one of four employees of plaintiff in taking of their depositions by defendants. The Superior Court held that the court rule respecting orders for protection of parties and deponents permitted granting of the order applied for. On reargument the Superior Court held that the motion for protective order was seasonably made.

the showing of "good cause." The Court agrees with the latter argument; Rule 615 does not apply between deposition and trial.

Plaintiffs point out that a finding of discrimination necessarily involves the drawing of inferences and contradictions from circumstantial evidence. Thus, they contend, the nonapplication of "The Rule" and the failure to grant a protective order will allow defendants' witnesses to make their testimony more consistent by reading transcripts of one another's depositions. Such a practice can obviously create serious questions as to a witness' credibility, especially if he changes his testimony after his deposition. The Court recognizes, however, that such a sanction may not be totally effective and that the practice discussed here should be avoided if possible. Because of the need to rely almost solely on circumstantial evidence in proving discrimination, the Court ORDERS that the parties and attorneys in this case ensure that no witness discuss with anyone his own or any other deposition taken in this case, without further order of Court or consent of the plaintiffs.

85 F.R.D. 567–68.

*Skidmore v. Northwest Engineering Co.*, 90 F.R.D. 75 (S.D.Fla.1981), also involves the issue of whether or not one expert can attend the deposition of another expert.[5] While noting that the sequestration rule has been held to apply to depositions, citing *Williams v. Electronic Control Systems, Inc.*, 68 F.R.D. 703 (E.D. Tenn.1975), and further noting *Naismith v. Professional Golfers Association*, 85 F.R.D. 552, 567–68 (N.D.Ga.1979), the *Skidmore* court properly observed:

**5.** The court refused to exclude the non-deponent expert.

**6.** The preferable procedure is to file written motion for protective order pursuant to Rule 26(c)(5), Fed.R.Civ.P. However, this Court will not at this juncture rule out the possibility of oral motion, telephonic or otherwise.

**7.** The Court acknowledges the assistance of two excellently written articles in its consideration

[T]he Federal Rules of Civil Procedure allow exclusion of persons from discovery only in exceptional circumstances, and then only upon motion and order of the court. The party seeking to exclude persons from depositions must show good cause, and the protection is limited to circumstances where justice requires such exclusion to protect a party from annoyance, oppression or undue burden or expense. Fed.R.Civ.P. 26(c)(5).

\* \* \* \* \* \*

The concept of *ejusdem generis*, however, suggests that the general application of Fed.R.Evid. 615 should be restricted by the particularity of Fed.R. Civ.P. 26(c)(5).

90 F.R.D. 76.

For the foregoing stated reasons it is the ruling of this Court that a party is not entitled to invoke "The Rule of Sequestration" or of "The Rule" of Rule 615, Fed.R.Evid., as a matter of right, in oral depositions taken in civil cases pursuant to the Federal Rules of Civil Procedure. Moreover, the burden is on the party seeking to exclude anyone from such deposition: (a) to go before the court via motion for protective order *before the deposition begins*;[6] (b) to meet the burden of showing good cause for exclusion; and (c) to obtain an order of the court *before the exclusion can occur*.[7]

Having rejected defendants' contentions that their counsel is entitled to invoke "The Rule" as a matter of right in oral depositions, the Court now turns to the issue of whether defendants have here met their burden of showing good cause under Rule 26(c)(5), Fed.R.Civ.P., so as to be entitled to a protective order excluding poten-

of the issue which is the subject of the first part of this memorandum of decision: "The Folklore of Depositions"—by Edward Bart Greene, The Journal of The Section of Litigation, American Bar Association, Vol. 11, No. 4 Summer 1985, pp. 13–16, 67; and "Discovery Strategy"—by Lee Davis Thames, For The Defense, The Magazine for Defense, Insurance and Corporate Counsel, Jan. 1986, pp. 12–23.

**160**

tial witnesses for plaintiff, other than parties who are natural persons, or the bona fide designated representative of the corporate parties to this action, from the depositions of other depondents in this cause. In its determination of whether good cause has been shown, the Court is entitled to consider the procedure to which counsel for defendants availed themselves in the Philadelphia depositions of Jack Baker, Paul Quattron and Bob Nelson taken by counsel for plaintiff in this litigation in May 1986. There each such person deposed was present when the other deponent's deposition was taken. While this procedure was followed without objection asserted by counsel for plaintiff, it would be manifestly unfair to plaintiff for the Court to grant defendants a protective order excluding potential witnesses for plaintiff from attending depositions of other deponents in this case hereafter taken by defendants' counsel. Moreover, the particular facts alleged by defendants in their present motion as constituting good cause for the broad protective order sought do not impress the Court as being anything more than ordinary garden variety or boilerplate "good cause" facts which will exist in most civil litigation. Thus, no compelling or exceptional circumstances exist here to warrant a finding of good cause as required by Rule 26(c)(5), Fed.R.Civ.P.

■ Another prong of the pending motion of defendants seeks a protective order forbidding disclosure by plaintiff of deposition testimony to any person who is expected to be deposed in this case or who is expected to testify at trial or both. The Court declines to issue such protective order for the reasons above expressed.

Alternatively, defendants seek a protective order excluding Leeda Machnick from the deposition of her husband, Frank Machnick, who is alleged to be the corporate representative for BCI, and from all other depositions to be taken in this litigation. Frank Machnick and Leeda Machnick are President and Chairman of the Board respectively of BCI. If this aspect of defendants' motion had been presented to the

Court before the above referenced Philadelphia depositions taken by plaintiff's counsel, the Court may have viewed this request more favorably. However, under the factual circumstances now presented by this record, the Court is of the opinion and holds that defendants' are not entitled to the protective order sought respecting Leeda Machnick.

An appropriate order denying defendants' motion for protective order in its entirety will be entered.