Douglas **LUMPKIN**, Plaintiff,

v.

**BI–LO, INC.**, Defendant.

Civ. A. No. 87–28–ATH.

United States District Court,
M.D. Georgia,
Athens Division.

Oct. 13, 1987.

---

James Mendelsohn and Amy S. Gellins, Nelson & Sweat, P.A., Athens, Ga., for plaintiff.

E. Wycliffe Orr, Gainesville, Ga., Charles T. Speth, II, Haynsworth, Baldwin, Miles, Johnson Greaves & Edwards, P.A., Greenville, S.C., for defendant.

## ORDER

FITZPATRICK, District Judge.

Pending before the court is Plaintiff's Motion for a Protective Order filed pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff asks the court to limit the number of witnesses Defendant can have present at the deposition of Plaintiff by finding that Rule 615 of the Federal Rules of Evidence, which applies to the sequestration of witnesses at trial, also applies to oral depositions.

The facts giving rise to the filing of this Motion are as follows. Plaintiff's deposition was scheduled for May 19, 1987. Counsel for Defendant arrived at the deposition accompanied by Bill Carithers, District Manager for Defendant, and by Ricky Barnes, a personnel official of Defendant. Plaintiff's counsel requested that Mr. Carithers and Mr. Barnes be excluded from the deposition in accordance with Federal Rule of Evidence 615 regarding the sequestration of witnesses. Counsel for Defendant objected saying first, that the rule of sequestration did not apply to depositions, and second, that both Mr. Carithers and Mr. Barnes were entitled to be present as corporate representatives. After failing to reach an agreement, both sides elected to adjourn the deposition.

The main issue before the court involves the applicability of Rule 615 of the Federal Rules of Evidence to oral depositions. Defendant contends that the Rule does not apply to oral depositions, and the only way to have excluded Mr. Carithers and Mr. Barnes from the deposition would have been to have obtained a protective order pursuant to Rule 26(c)(5) of the Federal Rules of Civil Procedure. Plaintiff contends that the rule of sequestration does apply to oral depositions, and therefore, a protective order was not necessary to exclude Defendant's witnesses from Plaintiff's deposition.

Federal Rule of Civil Procedure 30(c) provides that the "[e]xamination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence." Fed.R. Civ.P. 30(c). Federal Rule of Evidence 615 states, "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of

other witnesses." Fed.R.Evid. 615. Plaintiff argues that because witnesses can be sequestered at trial, Federal Rule of Civil Procedure 30(c) would allow the sequestration of witnesses at oral depositions.

Conversely, Defendant argues that the method for excluding witnesses from a deposition is found in Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26 sets forth the general provisions governing the discovery process. Specifically, Rule 26(c)(5) provides that upon motion of a party and for good cause shown, a district court may order "that discovery be conducted with no one present except persons designated by the court." Fed.R.Civ.P. 26(c)(5). Defendant argues that because counsel for Plaintiff failed to obtain an order from the court excluding Mr. Carithers and Mr. Barnes from Plaintiff's deposition, counsel for Plaintiff had no basis for insisting that these two men be barred from attending the deposition. Defendant supports its argument that Plaintiff's counsel should have obtained the protective order before the date of the deposition by stating that counsel for Plaintiff knew or should have known that both Mr. Carithers and Mr. Barnes "might have been present for Plaintiff's deposition." Defendant's Memorandum in Opposition to Plaintiff's Motion for a Protective Order and Motion to Award Expenses, p. 6.

The court recognizes that neither the former Fifth Circuit nor the Eleventh Circuit has addressed the question of whether Rule 615 of the Federal Rules of Evidence applies to oral depositions. However, in *Naismith v. Professional Golfers Ass'n*, 85 F.R.D. 552, 567 (N.D.Ga.1979), Chief Judge Moye of the Northern District of Georgia ruled that the Federal Rules of Evidence, including Rule 615, do apply *at* depositions. Judge Moye also stated that while Rule 615 can be invoked at depositions, the Rule does not apply *between* deposition and trial. *Id.* Therefore, Judge Moye concluded that Rule 615 cannot be used to prohibit witnesses from reading depositions and communicating with other witnesses between the time a deposition is taken and the time trial is set to begin. *Id.* Judge Moye also concluded that the only way to prohibit communication between or among witnesses between deposition and trial was through the issuance of a protective order under 26(c)(5). *Id.*

Following the ruling in *Naismith*, this court finds that Rule 615 of the Federal Rules of Evidence does apply to depositions.[1] Other district courts have arrived at this same conclusion. *See Williams v. Electronic Control Systems, Inc.*, 68 F.R.D. 703 (E.D.Tenn.1975) (Rule 615, which gives a litigant the right to have witnesses excluded from the courtroom, also applies to the taking of depositions). The court also finds that although counsel for Plaintiff may force the exclusion of either Mr. Carithers or Mr. Barnes from Plaintiff's deposition, counsel for Plaintiff may not rely upon Rule 615 to have the excluded party "sequestered" between the time of Plaintiff's deposition and trial.

Defendant further argues that even if Rule 615 applies to depositions, both Mr. Carithers and Mr. Barnes should be allowed to attend Plaintiff's deposition under the second exception to Rule 615 which allows a corporate representative to be

---

1. In following *Naismith* and finding that Rule 615 applies to oral depositions, this court must respectfully disagree with the ruling of Judge Haltom in *BCI Communications Systems v. Bell Atlanticom Systems*, 112 F.R.D. 154 (N.D.Ala. 1986). In *BCI* Judge Haltom expressly ruled "that Federal Rule of Evidence 615 does not apply to the taking of depositions." *Id.* at 157, 159. This court notes that in *BCI*, Judge Haltom cited *Skidmore v. Northwest Eng'g Co.*, 90 F.R.D. 75 (S.D.Fla.1981) as support for the position that the Federal Rules of Civil Procedure allow exclusion of persons from depositions only upon a showing of good cause under Rule 26(c) by the party desiring the exclusion. *Skidmore*, however, addressed the issue of whether expert witnesses can be excluded from depositions. Because experts come within one of the exceptions to sequestration, this court is in complete agreement that experts can be excluded from depositions only upon a showing of good cause. The instant case, however, does not deal with the exclusion of expert witnesses, and this court disagrees with the reasoning in *BCI* which expands the good cause requirement from expert witnesses to other witnesses who do not fall within one of the exceptions to sequestration.

present at trial. Fed.R.Evid. 615.[2] The court recognizes that although the language of the exception is in the singular, it is not clear from the rule or its legislative history whether more than one representative may be designated. J. Weinstein and M. Berger, *Weinstein's Evidence*, Vol. 3, at p. 615–12. While a district judge may exercise wide discretion in allowing more than one corporate representative to be present, the court finds that the instant case is not one that would warrant the attendance of both Mr. Carithers and Mr. Barnes at Plaintiff's deposition. Accordingly, counsel for Defendant may be accompanied by only one corporate representative at the deposition.

The final issue to be addressed by the court is that of costs. Rule 26(c) of the Federal Rules of Civil Procedure provides that "[t]he provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to [a] motion" for a protective order. Fed.R.Civ.P. 26(c). Rule 37(a)(4) authorizes the district court to "require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the Court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(4). The court finds that in the instant case, counsel for Defendant was substantially justified in opposing the Motion and in arguing that both Mr. Carithers and Mr. Barnes could attend Plaintiff's deposition. The case law is conflicting on the question of whether Rule 615 applies to oral depositions, and counsel for Defendant was justified in asserting that the Rule in fact did not apply to depositions. Therefore, it is the decision of the court that each side bear its own costs in this matter.

For these reasons, the court orders that all other witnesses be excluded from Plaintiff's deposition except the designated corporate representative of Defendant. This Order will not extend to the sequestration of witnesses between Plaintiff's deposition and trial. Further, the court finds that neither party shall be entitled to an award of costs incurred in connection with the filing of this Motion.

---

2. Rule 615 sets forth three exceptions to the rule of sequestration. The Rule reads as follows:
   At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.
   Fed.R.Evid. 615.