SOLAR TURBINES, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 53–88C.

United States Claims Court.

April 14, 1988.

---

Dan Burt, Washington, D.C., for plaintiff.

George M. Beasley, III, with whom was Asst. Atty. Gen. John R. Bolton, Washington, D.C., for defendant; Jesse Bendahan, U.S. Naval Sea Systems Command, of counsel.

## ORDER

ANDEWELT, Judge.

This Government contract action is presently before the Court on plaintiff's Motion for Sequestration of Witnesses Before Deposition, and Motion for Temporary Sequestration Order. In its motions, plaintiff seeks an order that would prohibit six potential witnesses from engaging in certain discussions concerning the contract at issue until after plaintiff has taken their depositions. For the reasons explained herein, plaintiff's motions are denied.

### Background

This action involves a September 1981 contract between the Department of the Navy (the Navy) and plaintiff, Solar Turbines, Inc. (STI). The contract covers the design, development, and testing of a waste heat recovery system known as the Rankine Cycle Energy Recovery (RACER) System. The RACER system was intended to improve the efficiency of Navy vessels by using recovered waste heat to drive the vessels' steam turbine engines. The Government terminated plaintiff's contract for convenience on May 8, 1986, after plaintiff apparently had spent substantial amounts of its own money in development of the RACER program. STI filed its complaint on January 22, 1988, alleging, in effect, that Navy officials conspired to deceive STI and the United States Congress concerning the RACER project.

Three days after filing suit, plaintiff served notice of intent to take the depositions of six past and present Navy employees who were involved in the RACER program. Defendant moved for a protective order on the grounds that it anticipated filing a motion to dismiss in lieu of an answer, and that, in any event, its counsel was not in a position to defend the depositions because he had not received a litigation report from the Navy pursuant to 28 U.S.C. § 520. After oral argument, this Court on February 24, 1988, issued an order quashing the subpoenas served on the prospective deponents, and setting an April 1, 1988, filing date for defendant's dispositive motion.

On March 9, 1988, plaintiff filed the instant motion to "sequester" the six proposed deponents until such time as it has taken their depositions. Plaintiff seeks an order enjoining each of the six potential witnesses from discussing their actions or knowledge with respect to the RACER system and the contract at issue with any

person except their own counsel, counsel of record in this action, and Navy counsel preparing the litigation report pursuant to 28 U.S.C. § 520. In addition, the order would enjoin each of the six individuals from discussing with anyone, including counsel, the testimony or likely testimony of any other Navy official likely to be called as a witness. Plaintiff contends that unless such sequestration is ordered, the six prospective witnesses will get together and "revise history," *i.e.,* will "reach an understanding of what the best description of events from the Navy's point of view will be, which will color or taint their testimony."

### Discussion

Plaintiff has not cited any case in which an order similar to that requested herein was issued. Plaintiff contends, nevertheless, that such an order is appropriate under both Federal Rule of Evidence 615 and RUSCC 26(c)(5). Defendant disagrees, contending that neither rule supports the requested order.

■ Federal Rule of Evidence 615, entitled "Exclusion of Witnesses," in pertinent part, provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses...." There is some disagreement among the courts as to whether Rule 615 only permits the exclusion of a witness while another witness is testifying at trial, or whether it also applies to exclude a potential witness from the oral deposition of another witness. *Compare Lumpkin v. Bi–Lo, Inc.,* 117 F.R.D. 451, 453 (M.D.Ga.1987) and *BCI Communications Systems v. Bell Atlanticom Systems,* 112 F.R.D. 154, 159 (N.D.Ala.1986). But, under either view, Rule 615 is clearly a means of preventing a witness from hearing the formal "testimony" of other witnesses. Plaintiff's requested order, however, would enjoin the six potential witnesses from discussing the subject matter of this suit in any context, including contexts outside those in which testimony pursuant to the Rules of this Court is being given. Rule 615 therefore does not provide a basis

for the broad sequestration order requested by plaintiff.

Plaintiff's alternative source of authority for its requested order is RUSCC 26(c)(5), which, in pertinent part, provides:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (5) that discovery be conducted with no one present except persons designated by the court....

■ RUSCC 26(c)(5) is equally unavailing. It applies only to designation of individuals who may be present during "discovery," and, as previously stated, plaintiff's requested order would restrict conduct in non-discovery contexts. Of course, in issuing a protective order under RUSCC 26(c), the Court is not limited to orders of the type described in subparagraph (5) and the other numbered subparagraphs of that rule. *See* RUSCC 26(c)(1)–(8). These provisions are simply examples of the type of orders that may be granted to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In any event, however, to obtain an order under RUSCC 26(c), the moving party must show that there is "good cause" for the requested relief. Plaintiff here has not made such a showing.

Plaintiff's concern that the potential witnesses could get together with or without counsel and "revise history" is theoretically present in virtually every litigated case involving several witnesses having similar interests. But our system of justice generally relies upon the basic honesty of most individuals, harsh sanctions for perjury, and a panoply of rights concerning discovery and cross-examination to assure that the truth is revealed in the courtroom. Moreover, at this point, plaintiff's contention that, prior to their depositions, the six past and present Navy officials may attempt to "revise history" is pure speculation. There is nothing in the record before

the Court to suggest that the testimony of any of the six potential witnesses will be untruthful or that it would in some way be "tainted" by any discussions of the relevant facts with other involved individuals.

In addition, the proposed order would have the highly unusual effect of placing restrictions on defense counsel's interviews with the Navy officials involved in the RACER program. Defendant has submitted an affidavit from Navy counsel which indicates that the order would impair his ability to research the allegations in the complaint and to ascertain information relevant to the Government's defense. The Court agrees that this would be a likely effect of the overly restrictive and apparently unprecedented order sought by plaintiff.[1]

### Conclusion

For the foregoing reasons, plaintiff's motions are denied.

IT IS SO ORDERED.

---

1. Defendant also contends that this Court lacks authority to grant the relief requested by plaintiff. Specifically, defendant argues that the proposed order constitutes equitable relief which this Court lacks jurisdiction to grant and, in any event, that the order would run afoul of the First Amendment (unwarranted prior restraint on the freedom of speech) and separation of powers doctrine (improper encroachment by the judiciary into the ability of the executive branch to perform its duties). In view of the foregoing discussion, these issues need not be addressed.