**In re SHELL OIL REFINERY.**

**Robert ADAMS, Sr.**

v.

**SHELL OIL COMPANY.**

No. 88–1935, 88–2719.

United States District Court,
E.D. Louisiana.

May 16, 1991.

John J. Cummings, III, Liaison Counsel, Cummings, Cummings & Dudenhefer, New Orleans, La., for plaintiff.

Thomas J. Wyllie, Adams and Reese, New Orleans, La., for Shell Oil Refinery.

James F. Holmes, Christovich & Kearney, New Orleans, La., for Brown & Root U.S.A., Inc.

## ORDER AND REASONS

MENTZ, District Judge.

In this class action suit arising from an explosion in the catalytic cracking unit at Shell Oil Company's refinery in Norco, Louisiana, the plaintiffs orally moved for a protective order to exclude Shell's designated corporate representative, Frank Abatte, from the deposition of the plaintiff, Richard E. Hodges. In an expedited hearing the Court orally granted the plaintiffs' motion for the reasons stated herein.

The many depositions taken in this case to date primarily have been liability depositions, that is, depositions noticed by the plaintiffs of Shell employees and others who have knowledge about refinery operations, procedures, safety practices, etc. Recently, Shell began noticing the depositions of plaintiffs who are Shell employees. Thus far, two of these depositions have commenced, and each time a different Shell corporate representative appeared. At each deposition, the plaintiffs objected to the particular corporate representative attending the deposition on the ground that the corporate representative was the deponent's supervisor at work. The plaintiffs contend that the supervisory authority of these corporate representatives has an intimidating influence on the deponent's testimony.

Shell contends that it is entitled to have a knowledgeable corporate representative present to assist counsel in asking questions. Shell contends that the presence of someone knowledgeable about the deponent's work at the refinery is particularly

necessary in this case due to the technical nature of the subject matter.

The first time the plaintiffs objected to the presence of Shell's designated corporate representative, the Court ruled in a telephone conference that the corporate representative was entitled to be present during the deposition. The ruling was based on Shell's right to defend against the plaintiffs' allegations at all stages of the litigation. As explained below, this right is not unqualified.

When the plaintiffs made the current motion regarding Richard Hodges' deposition, it became apparent to the Court that Shell intends to designate a different corporate representative at each of the plaintiff-employee depositions, depending on who has the most knowledge about the deponent's work. Shell has not denied this fact. Indeed, Shell has indicated that the corporate representatives to be selected will typically not only have some supervisory authority over the deponent, but will also be a listed fact witness for trial.

Richard Hodges was working in the catalytic cracking unit at the time of the explosion. He is the only survivor from the operating personnel in that unit. He has returned to work at Shell, but because of his health problems, he is being retrained for another position. Shell maintains that while Frank Abatte trained Hodges as an operator, he is not his supervisor, nor does he evaluate Hodges' work for promotions. Also, Shell states that Abatte has already given his deposition so he cannot be influenced by Hodges' testimony. The plaintiffs assert that Hodges' is intimidated by Abatte's presence. The Court confirmed this fact by questioning Hodges about his ability to testify with Abatte present. Hodges is worried about Abatte's presence because even though Abatte is not his supervisor, he is in a position to talk with Hodges' supervisors and possibly affect his job security.

This dispute falls under Federal Rule of Civil Procedure 26(c)(5), which authorizes the trial court to designate the persons who may be present during a deposition:

## Rule 26. General Provisions Governing Discovery

**(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (5) that discovery be conducted with no one present except persons designated by the court;....

Prior to the 1970 amendments to the Federal Rules of Civil Procedure, then Rule 30(b) stated that "the examination shall be held with no one present except the parties to the action and their officers or counsel." Certain commentators argue that the present Rule 26(c)(5) does not alter a party's right to attend a deposition, citing Federal Rule of Evidence 615, the evidentiary rule regarding sequestration of witnesses, which states that it "does not authorize exclusion of ... (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney,...." *See* Wright & Miller, *Federal Practice and Procedure*, § 2041 at 295–96 (1970). This interpretation gives no effect to Rule 26(c)(5).

■ Rule 615 is mandatory in nature and makes exclusion of witnesses a matter of right to a requesting party, with three exceptions. *See* 33 *Fed.Proc., L.Ed.,* § 80:32 at 413 (1985). Rule 615 reads as follows:

## Rule 615. Exclusion of Witnesses

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

Reading Rule 615 and Rule 26(c)(5) together,[1] this Court concludes that a party may be excluded from a deposition for good cause shown.

By its own terms, Rule 615(2) "does not authorize" the sequestration of a corporate representative. Therefore, the exclusion of a corporate representative from a deposition is governed by Rule 26(c)(5), and the party seeking to exclude a corporate representative at a deposition must show good cause for his exclusion. *See Skidmore v. Northwest Eng'g Co.*, 90 F.R.D. 75, 76 (S.D.Fla.1981) (Sequestration of an expert witness or a "person whose presence is shown by a party to be essential to the presentation of the party's cause" is not authorized by Rule 615(3), but such a person may be excluded from a deposition pursuant to Rule 26(c)(5) for good cause shown). *See also Galella v. Onassis*, 487 F.2d 986, 997 (2nd Cir.1973) ("The extent of the court's authority to determine those present was enlarged by the 1970 revision of the Rules of Discovery.... In view of the revision, it is clear that the court has the power to exclude even a party, although such an exclusion should be ordered rarely indeed"); 10 *Fed.Proc., L.Ed.*, § 26:166 at 407 (1985) (Under Rule 26(c)(5), the court has the power to exclude even a party). If a deponent does not fall within one of Rule 615's three exceptions to sequestration, then Rule 615's mandatory rule of sequestration applies. *See Lumpkin*, 117 F.R.D. at n. 1.[2]

In this case, we are dealing with the designation of a succession of corporate representatives who are listed fact witnesses for trial. In addition, Shell has stated that Frank Abatte will not be a corporate representative at trial. There is a risk that in Abatte's presence Hodges might not testify as fully as he would otherwise. But, regardless of whether Abatte has the ability to harm Hodges' job evaluation and whether Hodges' feels intimidated, if Shell is permitted to continue this procedure, many of its fact witnesses will have the benefit of attending the plaintiffs' depositions. Thus, by designating multiple corporate representatives who are also fact witnesses, Shell would in effect avoid the sequestration of witnesses rule. That would give Shell an unfair advantage over the plaintiffs.

Accordingly, the Court finds that the plaintiffs have shown good cause to exclude Frank Abatte from the deposition of Richard Hodges. The Court is not aware of any authority that a party is entitled to have a *knowledgeable* corporate representative. The authority for having someone knowledgeable present to assist counsel is found in Rule 615(3), excepting from the rule of sequestration "a person whose presence is shown by a party to be essential to the presentation of the party's cause." *See* Fed.R.Evid. 615(3). Even were Shell proceeding under Rule 615(3), the Court's decision would be the same.

To balance the interests of both parties, the Court will allow Frank Abatte to sit outside the deposition room so that he will be available to assist counsel during breaks. Shell will not be prejudiced by this order. Shell will be fully and effectively represented at the deposition. The Court is not precluding Shell from having a corporate representative present at the deposition. Shell may designate another corporate representative, who does not have supervisory authority over the plaintiff and who is not a witness, to be present during the deposition. Having actively participated in numerous liability depositions, Shell is aware of the issues and questions to be addressed during its examination of

---

**1.** Federal Rule of Evidence 615 applies to pretrial depositions through Federal Rule of Civil Procedure 30(c), which states that the Federal Rules of Evidence apply to depositions. *See also Lumpkin v. Bi-Lo, Inc.*, 117 F.R.D. 451, 453 (M.D.Ga.1987) (citing *Naismith v. Professional Golfers Ass'n*, 85 F.R.D. 552, 567 (N.D.Ga.1979) and *Williams v. Electronic Control Sys.*, 68 F.R.D. 703 (E.D.Tenn.1975)); 33 Fed.Proc., L.Ed. § 80:32 (1985). *But see BCI Communica-* tions Sys., Inc. v. Bell Atlanticom Sys., Inc., 112 F.R.D. 154 (N.D.Ala.1986) ("Since Rule 26(c), Fed.R.Civ.P., specifically requires a court order before persons may be excluded from the conduct of the depositions discovery process, it is clear that Fed.R.Evid. 615 does not apply to the taking of depositions").

**2.** *See* note 1, *supra.*

these plaintiffs. In addition, Shell receives daily transcripts of the depositions, so Shell and Abatte or any other knowledgeable employee can review the deposition transcript during the evening recess, and Shell can follow up the next day.

For the foregoing reasons,

IT IS ORDERED that the plaintiffs' oral motion for protective order to exclude Frank Abatte from the deposition of Richard E. Hodges is GRANTED.