The **PRYOR AUTOMOTIVE SUPPLY INC., an Indiana Corporation,** Appellee,

v.

The **ESTATE OF George Laurin EDWARDS, Deceased, Linda Elaine Edwards, Executrix, Appellant.**

No. 73371.

Court of Appeals of Oklahoma, Division No. 1.

May 28, 1991.

Rehearing Denied July 17, 1991.

---

Leslie A. Ellis Kissinger, Barry G. West, Tulsa, for appellant.

Tony Jack Lyon, Pryor, for appellee.

BAILEY, Judge:

Appellant Linda Elaine Edwards (Appellant or Executrix), Executrix of the Estate of George Laurin Edwards, Deceased (Decedent) seeks review of the Trial Court's orders permitting two corporate witnesses to be designated as representatives of Appellee Pryor Automotive Supply, Inc. (Appellee or Corporation) during depositions and granting summary judgment in favor of Appellee. Herein, Executrix asserts error of the Trial Court (1) in failing to sequester witnesses during deposition pursuant to 12 O.S. 1981 § 2615, and (2) in grant-

ing summary judgment to Appellees in the face of controverted material facts at issue.

Corporation commenced the instant action against Decedent's estate for alleged conversion of corporate funds by Decedent, and for recovery on personal loans to and promissory notes executed by Decedent. During a discovery deposition, Corporation appointed two corporation officers as representatives to be present thereat. Executrix objected, seeking sequestration of corporate witnesses during depositions, and refused to proceed further pending a ruling of the Trial Court on the objection/demand for sequestration. Over Executrix's objection, the trial judge hearing Executrix's objection ordered the deposition to continue with both of the two appointed corporate officers present.

Corporation subsequently filed a motion for summary judgment showing five promissory notes executed by Decedent as evidence in support of Corporation's claims. Executrix objected to the motion, but the Trial Court nevertheless granted summary judgment to Corporation. Executrix appeals as aforesaid.

■ In her first proposition, Executrix argues that sequestration of witnesses upon request therefore is mandatory under 12 O.S. § 2615, and that the Trial Court erred in permitting Corporation and/or Corporation's attorney to designate two corporate representatives to be present during discovery depositions. Corporation counters, asserting that Executrix should have sought a protective order under the Oklahoma Discovery Code, 12 O.S.Supp. 1982 § 3203(C), now renumbered as 12 O.S.Supp.1989 § 3226(C), previous to depositions.

As to this first proposition, 12 O.S.1981 § 2615 provided in pertinent part:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses. The court may make the order of its own motion. This rule does not authorize exclusion of:

1. A party who is a natural person; or

2. An officer or employee of a party which is not a natural person designated as its representative by its attorney.

However, our Oklahoma Legislature has since amended § 2615 by HB 1381, signed by the Governor on April 11, 1991, and the amended statute exempts from operation of the § 2615 rule of exclusion "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Although the statute itself is not retroactive, we find the Legislature has simply codified a common law exception to the rule of sequestration previously recognized in this state. See, *Clark v. Continental Tank Company*, 744 P.2d 949 (Okla.1987). Section 2615 gives no guidance for its application to discovery matters and we find no Oklahoma authority applying § 2615 to discovery matters. Thus, because the new wording of § 2615 is identical to Federal Rules of Evidence, Rule 615, we turn our attention to federal decisions pertinent to this issue as instructive in resolving the present controversy.

In that regard, it appears that federal authority is split on the application of Rule 615 to discovery matters: that is, some jurisdictions hold that Rule 615 applies to discovery matters, while others hold the proper method for excluding witnesses for depositions is to seek a protective order. Cf., e.g., *Lumpkin v. Bi–Lo Inc.*, 117 F.R.D. 451 (MD Ga.1987) (FRE Rule 615 applies to depositions and party need not seek a protective order to exclude witnesses); with, *Skidmore v. Northwest Engineering Co.*, 90 F.R.D. 75 (SD Fla.1981) (protective order necessary to exclude witness from disposition). However, the consensus of authority also indicates that sequestration of witnesses is a matter addressed to the sound discretion of the Trial Court. See, e.g., *United States v. Eastwood*, 489 F.2d 818, 821 (5th Cir.1973).

After reviewing the authorities from other jurisdictions, we are persuaded by the rationale of *BCI Comm. Systems v. Bell Atlanicom Systems*, 112 F.R.D. 154 (N.D.Ala.1986). In *BCI*, the Court first recognized that a lawyer has no right to exclude anyone from a deposition unless he has a Protective Order. *BCI*, 112 F.R.D. at

157. See also, *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1979), cert. den., 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787; *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). The Court then went to hold:

> ... [I]t is the ruling of this Court that a party is not entitled to invoke "The Rule of Sequestration" or of "The Rule" of Rule 615, Fed.R.Evid., as a matter of right, in oral depositions taken in civil cases pursuant to the Federal Rules of Civil Procedure. Moreover, the burden is on the party seeking to exclude anyone from such deposition: (a) to go before the Court via motion for protective order *before the deposition begins*, (b) to meet the burden of showing good cause for exclusion; and (c) to obtain an order of the court *before the exclusion can occur*.

*BCI*, 112 F.R.D. at 159.

Under this authority, we therefore hold 12 O.S. § 2615 is *not* applicable to discovery matters. We further hold that before a witness may be excluded from a discovery deposition, a protective order granting exclusion must be obtained prior to the taking of the depositions, and that a request for such a protective order is addressed to the sound discretion of the Trial Court, whose judgment thereon will not be disturbed on appeal absent a clear showing of abuse of discretion.

As applied to the facts and circumstances of this particular case, we find no error requiring reversal. First, it is clear that Executrix did not seek a protective order in advance of depositions. Second, and treating Appellant's objection below as a motion for protective order, we find the matter to be addressed to the discretion of the Trial Court, and Executrix has failed to demonstrate an abuse of that discretion by the Trial Court in denying her relief. See also, *Wood v. Southwestern Bell*, 637 F.2d 1188 (8th Cir.1981) (failure of district court to exclude management witness from the courtroom during examination of non-management witness not an abuse of dis-

cretion). We therefore reject Executrix's first proposition of error.

In her second proposition, Executrix contends the trial court erred in granting summary judgment. However, we find Executrix failed to adduce any evidence controverting Appellee's claim supported by five promissory notes executed by Decedent. In short, Appellant presented no admissible evidence to support her claimed defenses, but asserted instead unsupported beliefs, opinions, and hearsay. See, *Mengel v. Rosen,* 735 P.2d 560, 563 (Okl.1987). We consequently find no error by the Trial Court in granting summary judgment to Appellees.

The order of the Trial Court denying Executrix's request for sequestration and granting summary judgment to Appellees is therefore AFFIRMED.

HUNTER, C.J., and ADAMS, P.J., concur.