In re Gary A. LEVINE, Debtor.

In re Marcee D. LEVINE, Debtor.

H. Christopher CLARK,
Trustee, Plaintiff,

v.

Marcee D. LEVINE; Gary A. Levine; Zimmerman & Schwartz, P.C.; David Schwartz, Esq.; Steven L. Zimmerman, Esq.; Tommy M. Brown, Esq.; William C. Schlapman, P.C.; William Schlapman; Shari Schlapman; Vivian Schwartz; Ben Krug; and the Sofa Gallery, Inc., Defendants.

Bankruptcy Nos. 86–B–09068–C,
87–B–01302–E.
Adv. No. 88–A–0900.

United States Bankruptcy Court,
D. Colorado.

June 9, 1989.

See also, Bkrtcy., 100 B.R. 537.

Nancy Miller, Denver, Colo., for debtor.

Paul Quinn, Denver, Colo., for trustee.

Joanne Speirs, Denver, Colo., for U.S. trustee.

Steve Hopkins, Denver, Colo., for Zimmerman & Schwartz, P.C. and Steven Zimmerman.

Jerry A. Retherford, Colorado Springs, Colo., for Tommy Brown.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Trustee–Plaintiff's ("Trustee") Motion for Protective Order to Sequester Party Deponents, Defendant Steven L. Zimmerman's Response to Plaintiff–Trustee's Motion for Protective Order to Sequester Party Deponents, and Defendant Tommy M. Brown's Response to Plaintiff–Trustee's Motion for Protective Order to Sequester Party Deponents. The Court has reviewed the file and applicable case law.

This dispute, simply stated, concerns whether or not the Trustee is entitled to separate, or sequester, certain party-Defendants from the depositions of other parties to this adversary proceeding.

## BACKGROUND AND FINDINGS OF FACT

The Trustee seeks to sequester certain Defendants from the depositions of other Defendants, pursuant to F.R.C.P., Rule 26(c)(5). Trustee seeks to prevent three Defendants, the Debtors' attorneys, Steven Zimmerman, David Schwartz, and Tommy Brown, from attending one another's depositions. Trustee's stated purpose for separating the witnesses is to obtain "more independent and uninfluenced testimony" of the Defendants' recollection of events, transactions, and communications relevant to the allegations in this case. The Trustee's allegations involve, principally, claims of civil conspiracy including bankruptcy fraud, fraudulent transfers, and negligent misrepresentation.

The Trustee for the Debtors and Co–Defendants herein, Marcee and Gary Levine, is seeking in this adversary proceeding to recover funds and other assets alleged to have been fraudulently concealed from the Debtors' bankruptcy estates and creditors. The Trustee maintains that there was an elaborate and effective pattern of misconduct, illegal acts, and wrongful concealment of assets by the Defendants designed to deprive the bankruptcy estates and creditors of their claims and rights. The claimed wrongful conduct is alleged to have been undertaken well prior to filing of the Debtors' bankruptcy Petitions and to have continued through much of the postpetition bankruptcy period while the estates were being administered. The twelve Defendants consist of the Debtors and the Debtors' attorneys, accountants, financial advisor, a closely-held corporation, and a family member.

## OPINION AND ORDER

■ The Trustee's right to inquire and test the memory of each alleged participant as to events, transactions, and communications, to determine "what actually occurred" is as important to the process of factfinding as is the right of a defendant to full, competent and effective participation in his/her defense against allegations at all stages of litigation. The latter right, how-

ever, is not absolutely unqualified and inviolate for all purposes. Rule 26(c)(5) of the Federal Rules of Civil Procedure (F.R.C.P.) and Rule 615 of the Federal Rules of Evidence (F.R.E.), each provide for exclusion of witnesses under certain circumstances at either depositions or at trial.[1]

▇▇▇ With specific reference to discovery, exclusion of a witness at a deposition is within the authority of the Court. *Beacon v. R.M. Jones Apartment Rentals,* 79 F.R.D. 141 (N.D.Ohio 1978). *See also, Donaghue v. Nurses Registry, Inc.,* 40 Conn.Sup. 196, 485 A.2d 945 (1984) (excluding parties); *Swiers v. P & C Food Markets,* 95 A.D.2d 881, 464 N.Y.S.2d 39 (3 Dept.1983); *Dunlop v. Redding Co.,* 30 F.R.D. 129 (E.D.Pa.1962). It is generally within the discretion of the judge to sequester witnesses, but separation of witnesses should be invoked only for strong and compelling reasons. *See, BCI Comm. Systems, Inc. v. Bell Atlantacom Systems,* 112 F.R.D. 154 (N.D.Ala.1986). The Defendants are essentially correct when they argue that separating witnesses under Rule 26(c)(5) should be ordered only in situations where "more than ordinary garden variety or boiler plate good cause facts ..." exist.

▇▇▇ Sequestration of a witness from the deposition of another witness in this District has precedent. The Honorable Sherman G. Finesilver of the United States District Court has ruled that a non-party or a party may be sequestered "for cause" in a deposition and that allegations of fraud may constitute, at least in part, sufficient "cause" to sequester a witness.

At issue here are claims for breach of contract and fraud. Defendant is entitled to the independent recollection of the parties involved in the transactions which are the subject of this lawsuit.... [W]e are of the opinion that Fed. R. Evid. 615, which allows a representative of a corporation to remain at a deposition, cannot be used to circumvent Rule 26(c), where Defendant has shown good cause for sequestration. As stated earlier, this is not a situation where Plaintiff will be unaware of what occurs at the deposition. There is a risk that the deponents' testimony may be influenced, even unintentionally, if they are allowed to attend the other witness' deposition.

*Techna–Quip, Inc. v. Perfection Gear, Inc.,* No. 85–F–1532 (D.Colo. September 9, 1985).

When allegations of fraud and conspiracy to commit fraud are joined, it can be persuasively argued that during discovery the "need to test the observation, recollection and communication of each deponent independently should outweigh that party's right to be present for deposition." Kostolansky, "Sequestration of Deponents in Civil Litigation," Vol. 15 No. 6, *Colorado Lawyer* 1028 (June 1986).

It is important to bear in mind that each of the deponents here can and most assuredly will have their respective counsel at the other deponents' depositions. Each deponent will thus be fully, competently, and effectively represented at such deposition.

Pursuant to the allegations, the three proposed deponents here were the central, active agents of the purported conspiracy, if a conspiracy existed at all. They consist of the two senior partners of the Co–Defendant law firm Zimmerman & Schwartz, P.C. (Messrs. Zimmerman and Schwartz)

---

1. F.R.C.P., Rule 26(c)(5), states: "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense, including one or more of the following: ... that discovery be conducted with no one present except persons designated by the court; ...."

Rule 615, F.R.E., states: "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause."

and two attorneys who served as counsel for and have acknowledged a certain role as counsel for the Debtors, Gary and Marcee Levine, or one of them (Messrs. Schwartz and Brown).

The allegations embody various transactions wherein substantial funds of the Debtors and/or their wholly-owned corporation were ostensibly deceptively channeled through a myriad of bank and savings accounts held by and in the names of the Debtors, their attorneys, accountants, and financial advisor. The relationships among various of the Defendants are elaborate, longstanding, and close. For examples, only, beyond the close and substantial links between the three Defendant lawyers (Zimmerman, Schwartz, Brown) in the firm of Zimmerman and Schwartz, P.C., the wife of David Schwartz, Defendant Vivian Schwartz, served as the investment advisor or agent for the Debtors and the accountants, the Schlapmans, were employed by the Debtors on the evident recommendation of David Schwartz.

This case, the facts and the pre-petition and post-petition financial history of the parties here, is not of a "garden variety" or "boiler plate" type. They are rather extraordinary. The Trustee in this circumstance is entitled to learn from each such person his/her own, independent, uninfluenced recollection of events, transactions and communications which gave rise to the Trustee's allegations.

IT IS THEREFORE ORDERED that the Trustee–Plaintiff's Motion for Protective Order to Sequester Party Deponents is GRANTED.