In re William H. MARKS, Jr., Ellen B. Marks a/k/a Marks Farms.

William and Ellen MARKS, Plaintiff,

v.

Larry POWELL and Stella Champion, Defendants,

First National Bank in Stuttgart, Intervenor.

Bankruptcy No. 90–50495–S.
Adv. No. 91–5001.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Dec. 17, 1991.

Robert L. Gross, Action Law Firm, Little Rock, Ark., David G. Nixon, Nixon, Fulcher & Smith, Fayetteville, Ark., for debtors.

David K. Gunti, Baim, Mouser, Desimone & Robinson, Pine Bluff, Ark., for defendants.

H. Baker Kurrus, Little Rock, Ark., for intervenor.

ORDER GRANTING MOTION
TO EXCLUDE

MARY D. SCOTT, Bankruptcy Judge.

This cause is before the Court upon the plaintiffs' motion to exclude a witness from

the deposition of a party. Plaintiffs William and Ellen Marks ("Marks") noticed the deposition of the intervenor the First National Bank in Stuttgart ("The Bank") pursuant to Rules 26 and 30(b)(6), Federal Rules of Civil Procedure. Intervenor bank previously designated Mr. Cole Martin as the bank's representative during the litigation and trial. In addition, upon receipt of the notice of deposition, the bank designated Mr. Martin as the person to be deposed under Rule 30(b)(6), Federal Rules of Civil Procedure.

Prior to the deposition the bank indicated its intent to have another employee of the bank, Mr. Waylon Wiggins, attend the bank's deposition as the litigation representative of the party, but only for purposes of the bank's deposition. Plaintiffs seek an order prohibiting Mr. Wiggins from attending the deposition of the corporation as he is a witness in the action and not the designated litigation representative. The Marks further rely upon the authority of the Court to order that discovery "be conducted with no one present except persons designated by the court." Fed. R.Civ.P. 26(c)(5).

■ The Federal Rules of Evidence are made applicable to depositions by Rule 30(c), Federal Rules of Civil Procedure ("Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence."). *See generally Lumpkin v. Bi–Lo, Inc.,* 117 F.R.D. 451, 453 (M.D.Ga.1987). Rule 615, Federal Rules of Evidence provides that a witness *shall* be excluded during testimony upon the request of any party. This Court follows the reasoning set forth *Lumpkin v. Bi–Lo, Inc.,* 117 F.R.D. 451, 453 (M.D.Ga. 1987) and finds that Rule 615, Federal Rules of Evidence, applies during depositions.

■ In the instant case, the bank designated Cole Martin as the litigation representative. Thus, it is Mr. Martin who may attend the trial of the matter on behalf of the corporation. Fed.R.Evid. 615(2). Further, in response to the notice of deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Martin was designated as the person with knowledge of the matters on which the examination was requested. Having designated Martin as its litigation representative and the Rule 30(b)(6) representative, the question becomes whether the bank has any right to designate a second corporate representative to attend the deposition.[1] While it is unclear from the rule itself[2] whether more than one representative may be designated under Rule 615(2), this Court holds that the bank may not designate two representatives to attend the deposition. *Lumpkin,* 117 F.R.D. at 454 ("While a district judge may exercise wide discretion in allowing more than one corporate representative to be present, the court finds that the instant case is not one that would warrant the attendance of both Mr. Carithers and Mr. Barnes at Plaintiff's deposition.").

Even were Rule 615, Federal Rules of Evidence, inapplicable, the Marks have also shown good cause for excluding Wiggins as a witness in this matter. The reasoning for excluding Wiggins is based upon the same rationale for Rule 615, Federal Rules of Evidence: "to prevent the possibility of one witness shaping his testimony to match that given by other witnesses at the trial." *Queen v. Washington Metropolitan Area Transit Authority,* 842 F.2d 476, 481 (D.C.Cir.1988). *See also United States v. Farnham,* 791 F.2d 331, 335 (4th Cir.1986) (Rule 615 discourages and exposes fabrication, inaccuracy and collusion).

In the instant case, the complaint alleges fraud on the part of the bank, with Wiggins conducting the allegedly fraudulent

1. Counsel for Marks apparently prepared a specific discovery plan which includes a certain sequence of the depositions. This is not only permissible, it is prudent.

2. The fact that the language of the rule is in the singular does not appear to be a sufficient rationale to resolve the issue. However, the purpose and rationale of Rule 615 indicate that only one litigation representative of a party should be permitted to attend the deposition. See discussion of Rule 615, *infra.*

transactions. While the bank has designated Martin as the representative for the deposition and for the litigation in general, it now seeks Wiggins' attendance at the bank's deposition. These circumstances indicate that the reason for including Wiggins in the proceedings is solely that he may have the benefit he will not be afforded at trial: to hear the testimony of his co-witnesses prior to his own testimony. While the federal rules permit *parties* to attend all discovery proceedings and remain in the courtroom at trial, to permit Wiggins to attend would potentially impair the protection Rule 615, Federal Rules of Evidence and Rule 30(c), Federal Rules of Civil Procedure, provide. See *In re Levine*, 101 B.R. 260, 261 (Bankr.D.Colo.1989) (quoting *Techna–Quip, Inc. v. Perfection Gear, Inc.*, slip op. Case No.: 85–1532 (D.Colo. Sept. 9, 1985)) ("Defendant is entitled to the independent recollection of the parties involved in the transactions which are the subject of this lawsuit ... [W]e are of the opinion that Fed.R.Evid. 615, which allows a representative of a corporation to remain at a deposition, cannot be used to circumvent Rule 26(c)."). The bank has previously indicated the identity of the individual who will represent it as the party: Martin. The circumstance of this case do not support having two individuals represent one party at the deposition of the party.[3]

ORDERED that the plaintiffs' Emergency Motion to Exclude is hereby granted.

IT IS SO ORDERED.

**3.** There has been no request, nor indeed a showing, by the bank that Wiggins be permitted to attend the deposition under Rule 615(3) (presence essential to the presentation of the party's cause). *See, e.g., United States v. Conners*, 894 F.2d 987 (8th Cir.1990) (expert permitted to attend the trial under Rule 615(3) where his testimony was particularly not susceptible to being tempered or shaped).