**In re ONE MOORE FORD, INC.**

**Richard COX, Trustee, Plaintiff,**

**v.**

**FORD MOTOR CREDIT COMPANY and Ford Motor Company, Defendants.**

**Bankruptcy No. 91–40078 S.
No. AP 92–4054.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 7, 1992.

Herbert C. Rule, Little Rock, Ark., for trustee.

Richard Cox, Hot Springs, Ark., trustee.

Griffin Smith, Little Rock, Ark., for defendant Ford Motor Credit Co.

Charles Schlumberger, Little Rock, Ark., for Ford Motor Co.

## ORDER DENYING MOTION TO COMPEL DISCOVERY

### AND

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's Motion to Compel discovery filed on August 26, 1992, and the defendant Ford Motor Credit Company's Motion for Protective Order filed on August 24, 1992. The complaint in this matter was filed on April 30, 1992, by the trustee seeking recovery of alleged preferences and fraudulent transfers. Hearing on the motions was held on September 10, 1992.

The Motion for Protective Order, filed by Ford Motor Credit Company ("Ford Credit"), requests that two discovery tactics be prohibited. First, Ford Credit asks that representatives of a non-party, Twin City Bank ("the Bank"), be excluded from depositions. Ford Credit does not assert that the trustee may not attend the depositions, but requests that the "designated representatives," not be permitted to attend. Secondly, Ford Credit requests that plaintiff not be permitted to copy Ford Credit's procedure manuals. In a later brief, and at the hearing held on September 10, 1992, Ford Credit stated that it would permit inspection and copying of the policy manuals if the manuals were protected from disclosure. Specifically, Ford Credit requests that only the trustee as the named

plaintiff and his attorneys be permitted access to the manuals, and that disclosure to the Bank be prohibited. The trustee's Motion to Compel requests that he or his "designated representatives" be permitted to attend the deposition on the grounds that they are essential to the preparation of his case.

### A. Attendance of the "Designated Representatives" at Depositions

The trustee in bankruptcy has signed a letter indicating that he designated four persons to attend depositions in his stead. The trustee testified that he has no intentions of attending the depositions, but would probably attend the trial. The designated representatives are all employees of the Bank. It appears that the trustee wishes a relay team of the Bank's officers and employees to assist the attorney in conducting the depositions.

The trustee essentially asserts three arguments for attendance by his team of "designated representatives" at the depositions. First, trustee flatly asserts that he is entitled to have representatives appear for him at the depositions of the defendants. Second, the trustee argues that the representatives may not be excluded because they have not been named as witnesses in this proceeding. Paradoxically, the trustee also asserts that the designated representatives are essential to the preparation of his case because of their knowledge of the facts, citing Rule 615(3), Federal Rules of Evidence.

■ Rule 615, Federal Rules of Evidence [1] provides as follows:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

■ Rule 615 sets forth a general rule under which trials and depositions should be conducted. The rule was established for the specific purpose of protecting the integrity of the discovery and fact finding process. The exceptions permit the *parties* to attend virtually all stages of this process pursuant to concepts of fundamental fairness. *See Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). The exceptions also permit other persons for very limited purposes. Nonparty witnesses generally permitted to attend trials and depositions are those in the nature of experts hired for the purpose of assisting counsel and giving opinion evidence. *See, e.g., United States v. Connors*, 894 F.2d 987, 991 (8th Cir.1990). Indeed, in the case of expert witnesses it is often essential that the expert be present during trial in order to effectively testify. *See id.* [2]

The trustee argues that depositions, like trials, are public proceedings such that nonwitnesses may not be excluded. At the hearing, the trustee testified that it was "unknown" whether the Bank employees would be called as witnesses. The trustee's response to the motion to compel asserts that he "has not determined who will testify on his behalf." However, from the testimony of all parties, it is clear that the Bank is interested in this proceeding and some of the officers and employees have knowledge of the facts. Indeed, the trustee's motion asserted their knowledge of the facts:

The Twin City Bank is familiar with the operations and financial affairs of Debtors and the Defendants by reason of its pre-petition and post-petition financing.

Motion to Compel Discovery and Brief at 1. Ford Credit also stated in its motion for protective order that at least one of the named representatives is a fact witness in

---

**1.** Rule 615 is applicable in depositions. *Marks v. Powell*, 135 B.R. 344 (Bankr.E.D.Ark.1991).

**2.** Of course, experts are not the only witnesses to whom Rule 615(3) may be applied; they are simply the type of witnesses most often excepted from sequestration.

the case whom it intends to call as a witness.

█ The mere fact that trial counsel has not determined which persons will be called to testify at trial, that the Bank employees have not been told they are witnesses, or that the employees have not been listed in a formal witness list submitted to the Court does not mean that these persons are not "witnesses" within the meaning of Rule 615. The failure to "decide" that Bank officials are witnesses in this case, does not negate the fact that the Bank officials *are* fact witnesses. Twin City Bank has manifested a great interest in the proceedings and its employees have knowledge of the facts of this case such that its employees are subject to exclusion under Rule 615 at the depositions in this case.

█ The question *for the Court* thus becomes whether any of the three exceptions permit attendance of Bank employees at the deposition. The employees are not excepted from exclusion under the plain meaning of sentences (1) and (2) of Rule 615. Rule 615(1) permits the party who is a natural person to attend trial. Thus, the trustee, is permitted to attend. No construction of the rule permits a designation of others to attend in his place. The plain meaning of Rule 615(2) is that a party which is not a natural person may designate an officer or employee to attend trial (or deposition) on its behalf. Since the Bank is not a party, neither the trustee nor the bank may designate any person to attend on the Bank's behalf.

The trustee's final argument is that the Bank officers and employees are essential to the preparation of his case. At the hearing, the trustee expressly declined to take the position that the Bank employees were expert witnesses: they were essential to the case because of their "knowledge of the way in which debtors financed vehicles with Ford Motor Credit, the use of sight drafts to collect funds, the operations of Ford Motor Credit cash management accounts."

█ The burden of demonstrating that witnesses are essential to the preparation of a case is upon the party seeking to invoke the exception to the exclusion. *Government of the Virgin Islands v. Edinborough,* 625 F.2d 472, 475 (3d Cir.1980). Thus, it is for the trustee to demonstrate that the witnesses are essential to the preparation of his case. In order to invoke the exception, the proponent need show that trial counsel needs the attendance to effectively function during trial, or, in this instance, during the deposition. *See United States v. Burger,* 773 F.Supp. 1430, 1440 (D.Kan.1991). Further, the Court should examine whether permitting the witnesses to attend the trial or deposition would be contrary to the purpose of the rule: *i.e.,* would it allow the witness to shape his testimony or directly refute or corroborate witnesses' testimony. *See id.*

The trustee asserts that the Bank's employees presence is necessary given their

> knowledge of the way in which debtors financed vehicles with Ford Motor Credit, the use of sight drafts to collect funds, the operations of Ford Motor Credit case management accounts which are complex and difficult to understand.

Motion to Compel Discovery and Brief at 2.

█ In this instance, the trustee seeks to have several persons who have general knowledge of some of the transactions and some expertise regarding the type of transactions present during the depositions. In deciding this issue, the Court makes the distinction between witnesses whose testimony may be essential to proving a case, and witnesses whose presence is necessary in order for the attorney to effectively prepare and conduct the deposition or trial. Only the latter witnesses fall within the exception of Rule 615(3). In this case, while it may be necessary for the trustee's case that these persons testify at trial, there is insufficient showing that it is essential that any of these Bank employees attend the deposition as persons essential to the preparation of the case. Rather, the evidence before the Court is that the trustee is not particularly interested in the case and is merely deferring the conduct of the

litigation to the Bank.[3]

In presentation of its motion, the trustee made no showing of why the particular persons were necessary: the relay team in toto was presented as the essential person. There was no showing of particular knowledge or expertise of any of the four persons designated as representatives. The trustee merely asserted that some employees and officers have knowledge of transactions and other facts relating to the debtor and perhaps to this particular case. There was also testimony that some of the transactions were complex financial matters with respect to which the trustee was unfamiliar, although the members of the relay team were expressly not going to be called as expert witnesses.

In this case, the trustee is essentially arguing that since these persons have knowledge of the facts, some of them complex, they should be permitted to assist trial counsel at the deposition. The problem with this argument is that it expands the exception to overwhelm the rule: virtually *any* important fact witness would be very helpful to trial counsel during deposition and trial. The fact that the Bank's employees may have extensive knowledge of some of the facts and procedures does not take them out of the realm of being an important witness for testimony purposes and convert them into "essential to the preparation of the case." To permit fact witnesses to act in this manner would de-

feat the rule granting the right to sequestration.[4]

 The Court recognizes that the trustee's position is somewhat different in that he, at first, approaches all matters relating to the debtor and its transactions as a stranger. Accordingly, the trustee does need to discuss matters with witnesses and perhaps may need to obtain expert assistance. Absent an order to the contrary, nothing in the federal civil, evidentiary, or ethical rules prevents either the trustee or his counsel from discussing the case with third persons. Indeed, it may be prudent to do so. This does not mean, however, that the exception to Rule 615 should be expanded. While the trustee may at first be unfamiliar with the transactions, he has a statutory duty to become familiar with the debtor's transactions. In the instant case, the testimony, the actions, and demeanor of the witnesses demonstrated that the trustee has made little to no effort to closely examine and master the particular transactions at issue. He appears to have left such duties to the creditor, Twin City Bank. Inasmuch as the trustee has made little, if any, effort to actually master the situation, much less this particular litigation, the Court cannot find that the transactions are truly so complex that he needs assistance or that the attendance of the Bank's employees is essential to the preparation of his case.

**3.** Currently, the attorney for the trustee is even being paid by Twin City Bank. There is a significant question in this case as to who is directing the litigation. From the testimony at the hearing, it appears to the Court that the trustee has little real interest in the case and that the creditor, Twin City Bank, may in fact be directing this litigation. The trustee testified that he relied on the Bank in filing the lawsuit, and it appears that he continues to rely upon them in the conduct of the litigation to the extent of designating them to attend the depositions in his stead.

The causes of action being asserted in this adversary proceeding belong solely to the trustee; they may not be brought by a creditor, albeit an interested creditor. In this instance, the testimony and conduct of the trustee and his witness indicate that the trustee may have abdicated this statutory role in favor of the Bank. Inasmuch as such an alteration has not been presented to the Court in any motion to proceed

*ex rel* the trustee, any surrender of plaintiff status to a creditor raises concerns regarding the propriety of the conduct of the action and the role of the attorney in this litigation. These issues can and often do surface during contested hearings on fee applications. Payment by the estate may be denied because of a conflict of interest. *In re Wilde Horse Enterprises, Inc.,* 136 B.R. 830, 843 (Bankr.C.D.Cal.1991). Further, the Court may direct that any fees already paid to counsel be disgorged. *See id.*

**4.** Even were the Court to permit *an* employee of the Bank to attend the depositions, there has been no showing that a four-member team is appropriate. Were the Bank proceeding as party plaintiff in this case, *ex rel* the trustee, a four-member relay team operating as the designated representative of the Bank would appear to be inappropriate. *Cf. Marks v. Powell,* 135 B.R. 344 (Bankr.E.D.Ark.1991).

If, indeed, the nature of the transactions is so complex that trustee and his counsel need expert advice, the trustee can seek permission to hire a disinterested expert of his choosing. The Court finds that any employee of the Bank, who is a fact witness in the case and employed by an entity whose interests are admittedly adverse to the defendants, is not an appropriate person to be excepted from the sequestration rule.

The trustee presented little evidence or argument as to whether the purposes of Rule 615 would be impaired if the Bank witnesses were permitted to attend the depositions. Based upon the adverse nature of the interests between the Bank and the defendants, the Court finds that permitting these non-party witnesses to attend the deposition would be contrary to the purpose of the rule. Even were Rule 615 inapplicable to the depositions, the Court finds that Ford Credit has demonstrated cause for excluding Bank personnel from the depositions.

### B. *Production of Operation Manuals*

Ford Credit asserts that its operation manuals are privileged information or trade secrets [5] because they contain "procedures developed over a long period of time, valuable to competitors." Ford Credit introduced evidence describing the efforts to maintain the secrecy of the manuals and the value it may hold generally for competitors. Ford Credit also introduced testimony specifically including the Bank as a competitor and demonstrating how the manuals could be valuable to the Bank.

The threshold issue for the Court is whether the materials requested are relevant or likely to lead to the discovery of admissible evidence. The trustee asserts that whether the payments to Ford Credit were made in the ordinary course of business is an issue in this adversary proceeding such that the operation manuals are relevant. One element of the ordinary course of business exception is whether a transfer was made "in the ordinary course of business or financial affairs of the debtor and the transferee." Accordingly, whether Ford Credit adhered to its general policies may be relevant to an issue of whether the transfers were made in the ordinary course of business.

This is a preference action against Ford Motor Credit Company and Ford Motor Company, to which the ordinary course of business exception stated in section 547(c)(2), is an affirmative defense which must be pleaded in an answer to be in issue. The defendants have filed separate answers. Only the answer of Ford Motor Company raises the defenses set forth in section 547(c). Ford Motor Credit has not raised the affirmative defense of the ordinary course of business exception. Accordingly, the trustee is incorrect in asserting that the production of documents is relevant or may lead to the discovery of relevant evidence relating to the ordinary course of business defense. No other showing having been made by the trustee, the Court will grant the Motion for Protective Order. It is hereby

ORDERED that the Trustee's Motion to Compel, filed on August 26, 1992, is DENIED. The defendant Ford Motor Credit Company's Motion for Protective Order, filed on August 24, 1992, is GRANTED.

IT IS SO ORDERED.

---

5. There is no specific trade secret privilege. *V.D. Anderson Co. v. Helena Cotton Oil Co.,* 117 F.Supp. 932 (E.D.Ark.1953). However, the courts generally protect trade secrets by permitting discovery, but imposing special conditions upon the disclosure to protect the party required to answer. *See generally id; Bercow v. Kidder, Peabody & Co.,* 39 F.R.D. 357 (S.D.N.Y. 1965).