Donelle L. LEE, Plaintiff,

v.

DENVER SHERIFF'S DEPARTMENT, Jorge Hernandez, Mark Horner, R. Montoya, L. Galvan, City and County of Denver Police Department, and Officer M. Graham, Defendants.

No. 95–S–160.

United States District Court, D. Colorado.

Sept. 17, 1998.

Andrew Carafelli, Halaby Cross Liechty Schluter & Buck, Denver, CO.

David J. Bruno, Janice K. Hollenbeck, Bruno, Bruno & Colin, P.C., Denver, CO, for Defendants.

Gregory A. Eurich, David Lazerwitz, Holland & Hart, L.L.P., Denver, CO, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER came before the Court on September 16, 1998 for a telephone hearing on Plaintiff's motion for protective order. Present were the following: David Lazerwitz, attorney for Plaintiff; and Theodore Halaby and David Bruno, attorneys for Defendants. No parties were present for the hearing. The Court heard argument of counsel and then took the motion under advisement.

### I.

Plaintiff Donelle Lee presently is serving a sentence in a Colorado state penal facility. Prior to his commitment to the state facility, Plaintiff was incarcerated at the Denver City Jail (Jail). The Jail is run by the Defendant Denver Sheriff's Department (Department). All individual Defendants are officers or employees of the Department, except for Defendant Graham who is an officer with the Denver Police Department.

Plaintiff has alleged that on September 20, 1994 he was arrested by Defendant Graham. Plaintiff was taken to the Jail. While at the Jail, Plaintiff has alleged that he was beaten, kicked, and struck by Defendants Hernandez, Galvan, Horner, and Montoya. Plaintiff has alleged that he suffered physical injuries and mental anguish as a result of this beating. Plaintiff is seeking compensatory and punitive damages.

Discovery has been reopened in the case. Plaintiff's counsel has noticed the depositions of Defendants Hernandez, Horner, Montoya, and Galvan. Contemporaneously, counsel for Plaintiff has filed a motion for protective order. In that motion, Plaintiff alleges as follows:

2. One of plaintiff's goals throughout the discovery process has been to elicit the facts concerning this "excessive force" claim. Plaintiff is presently in the process of scheduling the depositions of the deputy sheriff defendants and has been informed by defense counsel that defendants Hernandez, Horner, and Galvan intend to attend each other's depositions. Because the deposition of each of these defendants will involve questioning regarding the conduct of each of the defendants during the beating of plaintiff, there is a significant risk that allowing each defendant to attend one another's deposition during inquiry about these critical events may influence each defendant's testimony and impede independent, unbiased recollection of what occurred almost four years ago.

Plaintiff's Motion for Protective Order, p. 2. Plaintiff asks that a protective order be entered sequestering Defendants Hernandez, Horner, Montoya, and Galvan. Motion, p. 4. The motion also requests that an order be entered preventing counsel for Defendants from "discussing or conveying the relevant deposition testimony of any of the deputy sheriffs with any of the other deputy sheriffs prior to their deposition." *Id.*

Defendants have responded and objected to the motion. Defendants argue that no sufficient showing has been made for exclusion of any named party and that Fed. R.Evid. 615 precludes exclusion of any named defendant from any deposition.

## II.

Plaintiff's motion is predicated on Fed. R.Civ.P. 26(c)(5) which reads as follows:

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense, including one or more of the following:

(5) that discovery be conducted with no one present except persons designated by the court;

Plaintiff argues that this rule provides to this Court sufficient power to preclude the named Defendants from sitting in on each other's depositions.

Defendants rely, in part, on Fed.R.Evid. 615 which reads as follows:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

Defendants argue that this rule is applicable to a deposition and prohibits their exclusion from the depositions.

Neither side has overwhelmed the Court with legal research. Plaintiff has cited *In re Levine,* 101 B.R. 260 (Bankr.D.Colo.1989), as well as an unreported case from a now-retired district judge. Defendants have relied solely on the applicable rules at issue.

In the *Levine* case, the court was presented with a motion similar to that filed in this case. The court noted, in part:

It is generally within the discretion of the judge to sequester witnesses, but separation of witnesses should be invoked only for strong and compelling reasons. (citation omitted). The Defendants are essentially correct when they argue that separating witnesses under Rule 26(c)(5) should be ordered only in situations where "more than ordinary garden variety or boiler plate good cause facts..." exist.

*Id.* at 262. In *Levine,* the allegations against the defendants included conspiracy to commit fraud, fraud, and negligent misrepresentation. *Id.* at 261. The court held that the facts of the case were "extraordinary" and that the Trustee was "entitled to learn from

each such person his/her own, independent, uninfluenced recollection of events, transactions and communications which gave rise to the Trustee's allegations." *Id.* at 263.

 Fed.R.Civ.P. 26(c)(5) grants to a trial court the power to exclude a party from a deposition. *In re Shell Oil Refinery*, 136 F.R.D. 615, 617 (E.D.La.1991). The case law is clear that such power should be used rarely and only in extraordinary circumstances. *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir.1973) (party excluded because cause existed that he would be disruptive to deponent); *BCI Communications Systems, Inc. v. Bell Atlanticom Systems, Inc.*, 112 F.R.D. 154 (N.D.Ala.1986); *Hines v. Wilkinson*, 163 F.R.D. 262 (S.D.Ohio 1995) (defendants' motion to exclude inmate plaintiff from personally attending depositions was denied). State courts examining requests for sequestration under similar state rules also have limited exclusion of parties to cases with extraordinary facts. *Montgomery Elevator Co. v. Superior Court*, 135 Ariz. 432, 434, 661 P.2d 1133, 1135 (1983) (exclusion only in "unusual situations"); *Hamon Contractors, Inc. v. District Court*, 877 P.2d 884, 886 (Colo. 1994) (corporate representative could not be excluded from deposition of employee).

 There is no dispute that Defendants Hernandez, Horner, Montoya, and Galvan are parties to this case. Plaintiff's argument is that each Defendant's testimony may be influenced by the testimony given by a co-Defendant. It is argued by Plaintiff that there may be an inability to obtain unbiased testimony from each Defendant. The argument involves speculation as to what may or may not be testified to by each of these four Defendants.

Defendants have relied on Fed.R.Evid. 615 as precluding their exclusion. There is some dispute as to the applicability of this rule to pretrial depositions. *Lumpkin v. Bi–Lo, Inc.*, 117 F.R.D. 451, 453 (M.D.Ga.1987) (Rule 615 does apply to depositions); *Williams v. Electronic Control Systems, Inc.*, 68 F.R.D. 703 (E.D.Tenn.1975) (Rule 615 applies to depositions); *BCI Communications Systems, Inc. v. Bell Atlanticom Systems, Inc.*, 112 F.R.D. at 157 (Rule 615 does not apply to depositions). The applicability of Rule 615 need not be reached in this opinion, as the motion may be resolved on the grounds advanced by Plaintiff.

The facts in the *Levine* case were much more detailed and troublesome. What has been presented to this Court in this case may be described as "garden variety" facts in support of the motion. There is no basis to conclude that Defendants Hernandez, Horner, Montoya, or Galvan would color or change their testimony after listening to the deposition of a co-Defendant. These Defendants have had almost four years to discuss among themselves what occurred on September 20, 1994. Likewise, there is no basis upon which to believe that Plaintiff would color his testimony after reading the depositions of these Defendants. Plaintiff has failed to demonstrate extraordinary and exceptional circumstances that would warrant excluding these Defendants from depositions in a case in which they are named as parties. *Hines v. Wilkinson, supra.*

IT IS HEREBY ORDERED that Plaintiff's motion for a protective order under Fed.R.Civ.P. 26(c)(5) is denied.